FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 30, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHARLIE M.,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>Defendant. | No. 2:25-CV-00251-JAG<br><br>**ORDER OVERRULING DECISION OF THE ALJ AND REMANDING FOR FURTHER PROCEEDINGS** |

**BEFORE THE COURT** is Plaintiff's Opening Brief, the Commissioner's Brief in response, and Plaintiff's Reply. ECF Nos. 10, 16, 17. Attorney James Tree represents Charlie M. (Plaintiff); Special Assistant United States Attorney Sarah Moum represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before the undersigned by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2), as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline. ECF No. 3. After reviewing the administrative record and briefs filed by the parties, **Plaintiff**'s Motion requesting remand is **GRANTED in part and denied in part**, and Defendant's Motion is **GRANTED in part,** such that the case is **REMANDED FOR FURTHER PROCEEDINGS.**

## I. JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on January 15, 2014, alleging amended onset of

disability since June 1, 2012. Tr. 152-153, 316-24, 3122, 1355, 1382, 2139, 2194. The applications were denied initially and upon reconsideration. Tr. 212-15, 218-21. An Administrative Law Judge held a hearing on August 20, 2015, Tr. 60-123, and issued an unfavorable decision on November 9, 2015. Tr. 34-59. Plaintiff requested review by the Appeals Council, and on December 5, 2016, the Appeals Council denied the request for review but admitted several new records. Tr. 1-6. Plaintiff filed an action in the U.S. District Court for the Western District of Washington on February 3, 2017, and in an order dated December 5, 2017, U.S. District Judge John C. Coughenour remanded the case for further administrative proceedings for the ALJ to reevaluate Fibromyalgia and Chronic Fatigue Syndrome under step two in light of the new evidence. Tr. 793-99. On March 8, 2018, the Appeals Council vacated the 2015 decision and remanded the case to an ALJ for further proceedings consistent with the order of the Court. Tr. 802.

On October 1, 2019, Plaintiff appeared before another ALJ, who issued an unfavorable decision on October 15, 2019. Tr. 1378-08. Plaintiff filed for review of the case by this Court on January 22, 2020. *See* Tr. 1415. In an order dated November 18, 2020, Magistrate Judge John T. Rodgers remanded the case for further administrative proceedings to reevaluate Plaintiff's subjective complaints and the medical opinion evidence, and to make new findings on each of the five steps in the sequential process, taking into consideration any other evidence or testimony relevant to Plaintiff's claim. Tr. 1414-31. On January 19, 2021, the Appeals Council vacated the final decision of the commissioner and remanded the case to an ALJ for further proceedings consistent with the order of the court. Tr. 1434-45. The Appeals Council noted Plaintiff had filed a subsequent Title II and Title XVI claim for benefits in December 2019 and explained that the district court remand rendered the subsequent (2019) claims duplicate; the Appeals Council therefore ordered the ALJ to consolidate the claims, associate the evidence from

both case files, and issue a new decision on the consolidated claims. Tr. 1434-45; *see also* Tr. 1438-54. 1462. The Appeals Council ordered the ALJ to apply the prior rules for evaluating medical evidence to the consolidated cases.[1] Tr. 1434.

On October 26, 2021, Plaintiff appeared before ALJ Jesse K. Shumway, Tr. 1352-77, who issued an unfavorable decision on the associated claims on November 8, 2021. Tr. 1319-51. The Appeals Council did not assume jurisdiction of the case. Plaintiff filed for review of the case on January 28, 2022. *See* Tr. 2264. In an order dated September 29, 2023, this Court remanded the case for further administrative proceedings to reevaluate medical opinion evidence and to make new findings on each of the five steps in the sequential process, taking into consideration any other evidence or testimony relevant to Plaintiff's claim. Tr. 2301. On February 29, 2024, the Appeals Council vacated the final decision of the commissioner and remanded the case to an ALJ for further proceedings consistent with the order of the court. Tr. 2306. The Appeals Council noted Plaintiff had filed a subsequent Title XVI claim for benefits in December 28, 2021 and explained that the district court remand rendered the subsequent (2021) claim duplicate; the Appeals Council therefore ordered the ALJ to consolidate the claims, associate the evidence from both case files, and issue a new decision on the consolidated claims. Tr. 2306.

On January 28, 2025, Plaintiff appeared before ALJ Malcolm Ross, Tr. 2190-2228, who issued an unfavorable decision on the associated claims on

---

[1] For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. For claims filed before March 27, 2017, the rules in 20 C.F.R. §§ 404.1527, 416.927 apply.

April 25, 2025. Tr. 2139-2157. This was the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on July 15, 2025. ECF No. 1.

## II. STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and the ALJ's decision and are only briefly summarized here. Plaintiff was born in 1980 and was 32 years old on the alleged onset date. Tr. 2155. Plaintiff has no past relevant work. Tr. 2155.

## III. STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set

aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## IV. SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## V. ADMINISTRATIVE FINDINGS

On April 25, 2025, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At ***step one***, the ALJ found Plaintiff had not engaged in substantial gainful activity since June 1, 2012, the amended alleged onset date. Tr. 2142.

At ***step two***, the ALJ found Plaintiff had the severe impairments of chronic fatigue syndrome; fibromyalgia; cervical degenerative disc disease; depressive disorder; anxiety disorder; and somatic symptom disorder. Tr. 2142.

At ***step three***, the ALJ determined Plaintiff does not have an impairment or combination of impairments that meets or medically equal one of the listed impairments in 20 C.F.R., Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). Tr. 2142-2144.

The ALJ also found Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), with the following limitations:

> [Plaintiff] is limited to simple, routine tasks; following short and simple instructions; working in approximately two-hour intervals with standard work breaks provided; superficial contact with the public, supervisors, and coworkers (i.e. no tasks requiring collaborative work or tasks requiring interaction with the public); only simple decision making; and work in a routine, predictable work environment with no more than occasional changes.

Tr 2144.

At ***step four***, the ALJ found Plaintiff had no past relevant work. Tr. 2155.

At ***step five***, the ALJ found, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing jobs that existed in significant numbers in the national economy, including the jobs of cleaner, laundry worker, and small products assembler. Tr. 2156.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 2156.

## VI. ISSUES

The question presented is whether substantial evidence exists to support the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by not properly assessing Plaintiff's testimony, not properly assessing medical opinions, and because the RFC is consistent with disability. ECF No. 10 at 2. Defendant concedes "[t]he Court should remand this matter for further administrative proceedings because there are unresolved conflicts in the record and serious doubt exists as to whether Plaintiff was disabled." ECF No. 16 at 4.

## VII. DISCUSSION

**A. <u>Residual Functional Capacity ("RFC").</u>**

Plaintiff contends the RFC is consistent with disability. The ALJ found Plaintiff had the residual functional capacity to perform light work, but included, *inter alia*, a limitation of "superficial contact with the public, supervisors, and coworkers (i.e., no tasks requiring collaborative work or tasks requiring interaction with the public)." Tr. 2144. Plaintiff argues this limitation is consistent with disability based on the Vocational Expert (VE)'s testimony at the hearing on January 28, 2025. Tr. 2190-2228.

When asked about the limitation of superficial contact as applied to acquiring a job, job training, and probationary periods, and specifically if this is consistent with competitive work, the vocational expert stated, "I think that would present issue with an employer and it might—probably would require an accommodation if this was a significant problem." Tr. 2226-2227. Plaintiff's counsel then argued the condition would be disabling because a person would be unable to get past the initial training period. Tr. 2227, ECF No 10 at 3.

Defendant argues this is a misinterpretation of the vocational expert's testimony. Defendant contends the vocational expert's use of the word "probably" indicated the vocational expert's testimony did not necessarily mean the limitation would be a significant problem. ECF No 16 at 5. Defendant further argues the vocational expert's testimony was in relation to three specific occupations, not all

occupations. *Id*. at 5. Defendant argues the vocational expert's testimony was ambiguous, requiring a remand for further proceedings. *Id.*

In response, Plaintiff argues his attorney asked specifically about "competitive work," not the three specified jobs. ECF No 17 at 4. Plaintiff argues the vocational expert's full statement, "I think that would present issues with an employer and it might – probably would require an accommodation if this was a significant problem," was not ambiguous and indicated Plaintiff would not survive the training period. *Id*.

At the hearing, Plaintiff's attorney asked, "…is this consistent with competitive work during this time period or would that be a special accommodation or some sort of sheltered work environment?" Tr. 2226. The vocational expert was specifically asked about the vocational expert's opinion regarding competitive work, not simply the three jobs identified. The vocational expert's testimony is clearly regarding the ability of a person with Plaintiff's residual functional capacity and limitations to perform competitive work generally and was not limited only to those three identified occupations.

The vocational expert's testimony, however, is less clear regarding the ability to actually do the job or the necessity of an accommodation to perform the work. The vocational expert stated, "I think that would present issues with an employer and it might—*probably* would require an accommodation *if this was a significant problem*." Tr. 2226 (emphasis added). No questioning followed this statement to provide clarity on the vocation expert's testimony. It is, therefore, unclear what the vocational expert's opinion was regarding Plaintiff's ability to work and further proceedings are necessary to gain clarity on the issue.

When determining whether a claimant is disabled at step 5, the regulations do not require an ALJ to consider accommodations under the Americans with Disabilities Act (ADA) in the assessment. *See* 20 C.F.R. § 404.1545, 404.1566,

*Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 803 (1999) (contrasting the ADA with Social Security disability and explaining that the agency does not consider ADA reasonable accommodation when it determines disability); *Johnson v. Oregon*, 141 F.3d 1361, 1366 (9th Cir. 1998) (same); SSR 11-2P § D (1)(e), 2011 WL 4055665 (Sept. 12, 2011). Based on this guidance, the ALJ can only consider whether or not Plaintiff can perform the work without any accommodations. Here, the vocational expert's testimony was unclear on whether or not an accommodation would be required for Plaintiff to be able to perform competitive work.

Due to ambiguities resulting from the vocational expert's testimony, it is therefore not evident Plaintiff is disabled based on the residual functional capacity. On remand, the ALJ is instructed to take new vocational expert testimony and resolve any conflicts in the expert's testimony. The ALJ shall not consider potential accommodations in determining if Plaintiff is able to perform competitive work and shall consider Plaintiff only able to perform competitive work if he can do so without an accommodation.

**B. <u>Plaintiff's Subjective Symptom Allegations.</u>**

Plaintiff contends the ALJ erred by discounting his subjective symptom allegations. Plaintiff contends the ALJ did not give specific, clear, and convincing reasons to discount his testimony. ECF No. 10 at 3. Plaintiff identifies five errors in the ALJ's assessment: 1) misstatement of Plaintiff's statements; 2) Plaintiff researched medical conditions; 3) Plaintiff's desire to obtain disability benefits; 4) Plaintiff's Personality Assessment Inventory (PAI) responses; 5) Plaintiff's reasons for seeking mental health treatment. *Id*. at 4-7.

It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's findings, however, must be supported by specific, cogent reasons. *Rashad v.*

*Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

Defendant fails to meaningfully dispute Plaintiff's specific assertions on this issue. Defendant simply states "the record provides additional serious doubt that Plaintiff was disabled for the time period at issue here." ECF No. 16 at 5. In making this claim, Defendant relies on prior findings that: "Plaintiff's inconsistent statements concerning medication usage and treatment history undermined his subjective complaints" (ECF No 16 at 5, citing Tr. 2270-2273); "the ALJ properly considered evidence of secondary gain in evaluating his subjective symptom allegations" (ECF No. 16 at 5, citing Tr. 2273-74); "the ALJ reasonably concluded largely unremarkable findings throughout an extensive multi-year medical record did not support Plaintiff's claims" (ECF No. 16 at 5, citing Tr. 2277); and "the ALJ reasonably found that Plaintiff's course of treatment, specifically that he sought only limited mental health treatment despite recommendations, was inconsistent with his allegations of disability" (ECF No. 16 at 5, citing Tr. 2279).

As pointed out by Plaintiff, though, the Court previously approved some of the prior ALJ's reasons to discount Plaintiff's testimony, these are not the same reasons relied on by *this* ALJ. ECF No. 17 at 9. Further, Defendant avoids the issues raised by Plaintiff entirely and does not respond to Plaintiff's asserted errors.

Identifying prior approved reasons for discounting Plaintiff's testimony is insufficient. Defendant's failure to dispute Plaintiff's specific assertions is a concession of error on these issues (see *Hunt v. Colvin*, 954 F. Supp. 2d 1181, 1196 (W.D. Wash. 2013) where Commissioner failed to respond to Plaintiff's argument in briefing, it is construed as a concession that the argument has merit). Furthermore, it is clear the ALJ mis-stated and mis-interpreted at least some of the statements relied on in discounting Plaintiff's testimony. Plaintiff argues the ALJ mis-stated and/or mis-interpreted three separate statements: 1) Plaintiff's comments regarding paintball; 2) Plaintiff's comments regarding real estate; and 3) Plaintiff's comments regarding a lack of desire to look into online courses or working from home.

***Paintball***: The ALJ noted in his decision that Plaintiff "reported to his therapist that he was 'playing paintball in LA.'" Tr 2150. This is in reference to a treatment note from a session in 2023 and it is not clear from the treatment note *when* Plaintiff played paintball-whether it was recent or in the past. *See* Tr. 2728. However, at the hearing on January 28, 2025, the ALJ asked Plaintiff about playing paintball and Plaintiff stated he played paintball when he was living in Los Angeles and that he had left Los Angeles in 2008. Tr 2217. Based on this exchange, it is apparent Plaintiff's comments to his therapist in 2023 were referencing activities prior to Plaintiff's move from Los Angeles in 2008, well before the alleged onset date of June 1, 2012.

***Real estate***: The ALJ also pointed to a treatment note from November 2016 that Plaintiff "continued to dabble in real estate and research his medical conditions." Tr 2150, citing Tr. 1077. As ALJ failed to connect the dots in this portion of the decision but rather listed many statements without making any connection to his decision, it is unclear why the ALJ thought this was a reason to discount Plaintiff's subjective symptom reports and complaints. Plaintiff points to

clarifying statements around real estate in the hearing transcript where he said he was interested in real estate. Tr. 2220. Again, Defendant did not contest Plaintiff's argument. *see* ECF No. 16.

***<u>Online courses/work from home</u>***: Again, the ALJ simply listed this in the long line of statements and said when Plaintiff was asked by his therapist if he had considered taking online courses potentially allowing him to work from home, Plaintiff said, "No, I can't think of anything that I'm interested in." Tr. 2150, citing Tr. 1968. Plaintiff again argues this was taken out of context. ECF No. 10 at 5. Defendant failed to respond to this argument. *See* ECF No. 16. The Court finds the ALJ erred by misstating, misinterpreting, and taking Plaintiff's comments out of context. Defendant does not dispute this. This cannot meet the standard of specific, clear, and convincing reasons to discount Plaintiff's claims.

Next, Plaintiff argues the ALJ erred by discounting Plaintiff's claims because Plaintiff researched his medical conditions and Plaintiff wanted to obtain disability benefits. ECF No. 10 at 4-6. Again, Defendant did not dispute either of these as error. *see* ECF No. 16.

Plaintiff also contends the ALJ erred when he included a reference to Dr. Cole's PAI, "which suggested 'Mr. Meadows may not have answered in a completely forthright manner.'" ECF No. 10 at 6-7, Tr. 2150. Plaintiff argues this was error and this had already been addressed by this Court (see Tr 2289-90) ECF No. 10 at 6. Defendant, again, did not dispute Plaintiff's arguments. However, this Court's prior order addressing this was in respect of the prior ALJ's assessment of medical opinions, not in relation to Plaintiff's credibility. Despite this, the reasoning from the prior order is still applicable—the mental status exam notes say "there was no evidence to suggest that Mr. Meadows was motivated to portray himself in a more negative or pathological light than the clinical picture

would warrant." Tr. 1655. This is not a specific, clear, convincing reason to discount Plaintiff's claims.

Finally, Plaintiff argues the ALJ erred when he found Plaintiff denied depression and anxiety, did not meet the criteria for social anxiety, and sought mental health treatment only because it was required. ECF No. 10 at 7-8. Plaintiff argues this is not inconsistent and Defendant, again, failed to respond, conceding the error. *See* ECF No. 16. While the Court previously found the prior ALJ's reasons for discounting Plaintiff's complaints were acceptable, this ALJ relied on different reasons to discount his testimony and failed to provide specific, clear, convincing reasons for discounting Plaintiff's complaints, but instead provided a long list of records and statements without providing the proper context or explaining why these were reasons to discount his testimony, and further, the ALJ mis-stated or mis-interpreted many of the statements/records included in that list.

Ultimately, the ALJ's reason for discounting Plaintiff's testimony was the combination of several inconsistencies. Tr. 2146. The ALJ listed many of Plaintiff's subjective complaints, including those addressed above, but did not provide any explanation for why he did not find them persuasive beyond the general conclusion that they are inconsistent with the record. *See* Tr. 2149-2150. Further, the ALJ's interpretation of many of the statements fails to meet the requirement of providing clear and convincing reasons to discount Plaintiff's subjective complaints.

## VIII. CONCLUSION

Plaintiff urges this Court to remand for an immediate award of benefits. "The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)). When the Court reverses an ALJ's decision for error, the Court "ordinarily must

remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). However, in a number of Social Security cases, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits" when three conditions are met. *Garrison*, 759 F.3d at 1020 (citations omitted).

Under the credit-as-true rule, where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, the Court will remand for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017). Even where the three prongs have been satisfied, however, the Court will not remand for immediate payment of benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

Here, the Court finds further proceedings are necessary to resolve conflicts in the record, including conflicting medical opinions, as well as to further develop the record by taking additional testimony from a vocational expert and re-assessing Plaintiff's testimony. The Court acknowledges this is the fourth remand for this claim but after conducting an exhaustive review of a complicated record, declines to remand for benefits. However, the ALJ should take care in their opinion and provide appropriate support for their decision. As such, the case is remanded for further proceedings consistent with this Order. Nothing herein should be read as a

suggestion that any particular decision or decisions on remand would be more appropriate than another.

On remand, the ALJ shall reevaluate the medical evidence of record, reevaluate Plaintiff's testimony, and obtain further testimony from a vocational expert regarding Plaintiff's ability to work. The ALJ shall reanalyze all medical opinion evidence, taking care to explain all findings and to avoid reasoning already rejected by this Court in this order or in any of the three prior remand orders. The ALJ is to make new findings on each of the five steps of the sequential evaluation process, taking into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and is based on legal error.

**IT IS ORDERED**:

1. Plaintiff's Motion, ECF No. 10, is **GRANTED IN PART**.

2. Defendant's Motion, ECF No. 16, is **GRANTED IN PART**.

3. The Commissioner's decision is **REVERSED** and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

Judgment shall be entered for PLAINTIFF and the file shall be **CLOSED**.

DATED September 30, 2026.

JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE